THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JOHN McKEON, Appellant.

Court of Special Sessions of City of New York, Appellate Part, Second Department, Kings County, September 5, 1929.

*Lewis J. Feinstein,* for the appellant.

*Albert J. Falk,* for the respondent.

KERNOCHAN, P. J.   The appellant was convicted of violating the provisions of chapter 24, article 2, section 17 of the ordinances of the city of New York in that on the twenty-first of December in the county of Richmond he operated an automobile omnibus in a reckless and negligent manner.   Upon this conviction he was fined twenty-five dollars and from this judgment he appeals.

The reason for this prosecution was a collision between the omnibus driven by the appellant and a police automobile driven by Police Officer Walter Lemmer, which resulted in not only the wreck of the police car but in serious injuries to the officer.

The accident occurred at the intersection of Hylan boulevard and Midland avenue.   Hylan boulevard runs approximately north and south; Midland avenue east and west; the two highways intersect at right angles.

The evidence as to what occurred is conflicting, the prosecution claiming that the cause of the accident was an abrupt left turn made by the appellant close to the curb on the southwest corner of the two highways.   It is undisputed that the appellant was proceeding north on Hylan boulevard with the intention of turning west on Midland avenue.   The police officer driving the police car

was proceeding south on Hylan boulevard and intended to cross Midland avenue on his way to the police station at New Dorp. The officer states that when he got to within fifteen feet of the far corner, which would be the southwest corner of Hylan boulevard and Midland avenue, the appellant made a short swift turn and collided with him broadside. A witness, who was driving a car on Hylan boulevard a short distance behind the omnibus, supports the testimony of the officer as to how the accident happened, and especially as to the fact that the appellant made a short swift turn. A woman — a passenger in the omnibus — also supports the testimony of the officer. The appellant tells an entirely different story and is the only witness for the defense. He says in his testimony: " A. I slowed down and the officer's machine turned into Midland Avenue. I followed him. His machine slowed down and I started to pass him. When I started to pass him, his machine turned to the left in front of me. I had no chance to turn any way but to the left and I turned to the left with him. I hit his machine right in the center and his machine at that time was up against the left hand curb of Midland Avenue."

Whenever a driver on a highway intends to make a left turn he must take every precaution in making that turn so as not to endanger traffic coming in the opposite direction, for the left turn swings him directly in front of traffic lawfully proceeding. on the right side of the thoroughfare.

The decision of the magistrate was justified by the evidence and the judgment appealed from should be affirmed.

HERBERT, J., concurs; McINERNEY, J., dissents, with memorandum as follows: I dissent as I feel certain the record shows the complainant was responsible and not the defendant.